## L. A. BARNES v. GEORGE F. DAVIS and Others.[1]

December 30, 1910.

Nos. 16,804—(110).

**Pledge of stock by person not the owner — enforcement of lien by pledgee.**
  In an action to enforce a lien on the shares of the capital stock of a corporation, it is *held* that the findings of fact are sustained by the evidence, that they sustain the conclusions of law, and that the trial court made no reversible errors as to the admission of evidence.

Action in the district court for St. Louis county by the trustee in bankruptcy of Hansen Smith and James P. Smith, copartners as the Merchants Bank, against George F. Davis, E. W. Forbes and the Parry Sound Copper Mining Company, Limited, to recover $181.48 upon a certain promissory note of defendant George F. Davis, and to enforce an alleged lien for the amount of said indebtedness upon forty thousand shares of the capital stock of defendant Parry Sound Copper Mining Company, Limited, represented by certificate No. 1,873. The separate answer of defendant Forbes alleged her ownership of the original certificate of fifty thousand shares; that the same was loaned to Davis to be used as collateral security for his indebtedness to the bank, which she alleged she understood to be a note of $450; that she permitted Davis to use the stock as collateral, solely as a matter of accommodation to him, but that it was known to the bank that the same was her property; that said stock was subject to a pool arrangement and this answering defendant was under obligation not to sell or offer the same for sale; all of which was known to the Smiths and to Davis; that thereafter

[1] Reported in 128 N. W. 1118.

she caused ten thousand shares of said fifty thousand shares to be released from said pool arrangement, and consented to the sale of ten thousand shares at the rate of ten cents per share that the indebtedness of Davis to the bank might be paid out of such sale, and this arrangement was made with the express agreement that the forty thousand shares should be delivered to her free from any claim by the bank or the party holding the original fifty thousand shares; that the arrangement for release of the forty thousand shares and sale of the ten thousand shares was known and consented to by the bank and that, upon the sale of the ten thousand shares by the bank, a sum largely in excess of the amount for which the fifty thousand shares was held as collateral security was realized by the bank. There was specific denial of any authority on the part of Davis to pledge Smith the certificate of forty thousand shares as security for his note of $181.48. The reply was a general denial.

The case was tried before Ensign, J., who made findings of fact and as conclusion of law found that plaintiff had a lien upon the shares of stock represented by certificate No. 1,873 to the amount of $303.15. From the judgment entered pursuant to the findings, defendant E. W. Forbes appealed. Affirmed.

*H. J. Grannis,* for appellant.

*H. H. Phelps,* for respondent.

START, C. J.

Appeal by the defendant Forbes from the judgment of the district court of the county of St. Louis adjudging that the plaintiff recover of the defendant Davis $309.21, with costs, and that he has a lien on the shares of the capital stock of the defendant corporation described in the judgment to secure its payment. The cause was tried by the court without a jury. The here material facts found by the trial judge are, briefly stated, to the effect following:

Hansen and James P. Smith were partners doing business as the Merchants Bank, at Duluth. The plaintiff is the trustee in bankruptcy of their estate. In September, 1901, Davis applied to Forbes for a loan of certain shares of the capital stock of the corporation, then owned by her, to be used as collateral security for the payment

of his then indebtedness to the Merchants Bank. Forbes complied with the request by delivering to Davis certificate No. 19 for fifty thousand shares of such stock, which was in Forbes' name, but was indorsed in blank on the back thereof in the usual way, so that it might be transferred to any purchaser by filling in his name above the signature of Forbes written thereon. Certificate No. 19 was so indorsed and delivered with the understanding that it was to be used by Davis as collateral security for his indebtedness to the bank or to Hansen Smith. Thereupon Davis turned certificate No. 19 over to Smith as collateral security for an overdraft which he then owed to the bank, amounting to $375, and a note held against him by Smith for $225. On November 7, 1901, such indebtedness was by the agreement of Smith and Davis reduced to the form of a promissory note, signed by Davis, for $600, payable to the bank. Certificate No. 19 was left with Smith and the bank as collateral security for the payment of the note. In September, 1902, the certificate, pursuant to the agreement of Davis and Smith, was sent to the office of the corporation, and three new certificates were issued in lieu of certificate No. 19—two for five thousand shares each, and the other, No. 1,873, issued in the name of Forbes, for forty thousand shares. The certificates representing in the aggregate ten thousand shares were sold for the sum of $850, pursuant to the agreement between the bank and Davis, which was applied by the bank first to the payment of an overdraft then due from Davis to it, and the balance upon the $600 note, leaving a balance due thereon of $181.48, for which sum Davis executed to Hansen Smith, for the bank, his promissory note payable with interest at the rate of ten per cent. per annum, and as collateral security for its payment left with Smith certificate No. 1,873. This note, with interest, constitutes the basis of the judgment herein against Davis. Subsequent to the receipt of the original certificate, No. 19, as collateral security, Smith and the bank were informed by Davis that before the transfer by Forbes it had been pooled (what is meant by that term does not appear from the findings), and prior to the sale of the ten thousand shares they were informed by Davis that he had arranged with Forbes to have such shares released from the pool; but at no time

did Smith or the bank have any notice or knowledge that any one other than Davis had an interest in the original certificate No. 19, or in any of the certificates issued in place of it, and they believed that it was his property.

The trial court upon these facts found as a conclusion of law that the plaintiff had a lien on the shares of stock represented by certificate No. 1,873 to the amount of the judgment against Davis, and that they be sold to pay it. The defendant Forbes made a motion for amended findings of fact and a motion for a new trial, which were denied. The appellant assigns thirty-one alleged errors, but they present only the question whether the finding and decision of the trial court, to the effect that the plaintiff had a lien on the shares of stock to secure the payment of $181.48, were correct, and incidentally whether the court erred in its rulings as to the admission of evidence. Fifteen of the assignments of error relate to the rulings of the court on the admission of evidence. We find no reversible error in any of them.

Another group of alleged errors raise the question of the sufficiency of the evidence to support the findings of fact, which are separately specified in the assignments of error. We are of the opinion that the findings complained of are supported by the evidence, and that the evidence did not require, as a matter of law, the trial court to amend its findings of fact as requested.

The other assignments raise the question whether the facts found sustain the conclusion of law. It is the contention of the appellant that they do not, for the alleged reasons, with others, that the bank had no right as against the appellant to apply the proceeds from the sale of the ten thousand shares to any debt except the note, or, in other words, that the overdraft was not secured by them; that the new certificate for forty thousand shares was issued in her name, and was not indorsed by her, hence it is within the rule that a pledge of stocks by delivery without indorsement is subject to the equities of third persons; and, further, that as against the true owner it is incumbent on the pledgee that the advances claimed were made on the faith of the security, and that there is no such finding.

This last objection is a technical one; for, conceding that there is

no direct finding to that effect, it is apparent from the undisputed evidence that credit was extended on the strength of the collateral, the stock.

The second objection would be potent if the original certificate had not been indorsed in blank according to the usual custom; but it was, and neither Smith nor the bank at any time had any notice or knowledge that any other person had any interest in the shares of stock. They dealt with Davis as the owner of the shares. It is true that one of the renewal certificates was in Forbes' name; but this must be considered in connection with the fact that she by her indorsement of the original certificate represented that Davis was the owner of all of the shares of stock, and that the bank thereafter dealt with him as such. All of the shares were pledged for his indebtedness when the original certificate was duly indorsed by Forbes and delivered to the bank. The renewal certificate was never delivered to Forbes.

The first objection is without merit, for by the agreement with Davis the proceeds of the sale of the ten thousand shares, the renewal certificates which were not in Forbes' name, were applied first to the payment of the overdraft, and the balance on the original indebtedness as represented by the note.

We are of the opinion that the conclusions of law are sustained by the facts found.

Judgment affirmed.

O'BRIEN, J. (dissenting).

I am unable to satisfy myself that defendant E. W. Forbes consented to the deposit as security for the payment of the overdraft above the $600 note, and therefore dissent.